*210 The opinion of the court was delivered by
Marr, J.
The accused moved for a new trial on the grounds :
1. That the verdict was, contrary to the law and the evidence.
2. That he was deprived of the testimony of Belle Pritchard, a material witness. That the evidence was objected to by the district attorney, on the ground that witness was the wife of accused, which objection was sustained by the court, when, in fact, it was shown by the same witness that she was not his wife.
The judge says : “ When Belle Pritchard was sworn, the district attorney objected because she was wife of the accused. In answer to the court she said she was his accused’s wife ; and was then ordered to stand aside. The court did not hear her state that she was not married to accused, and it was pot asked that she be recalled to the stand. Although this fact may have been stated to counsel afterward, I am not able to say, as no testimony was adduced, although there was difference of opinion between counsel as to the fact.”
The judge decided, as a matter of fact, on the objection of the district attorney, upon the testimony of the witness herself, that she was the wife of the accused; and we have no power to review that decision. If, while she was on the stand, she had stated to the judge that she had not been married to the accused, but was living with him as his wife, and the judge had declared her to. be incompetent as a witness, a legal question would have been presented, which we could review. What she may have said after she had been dismissed by the judge, and had .left the stand, was not evidence : it was not heard by the judge, and was not considered or passed upon by him. . If the counsel for accused had asked to have the witness recalled for further examination, in order to prove that she was not married to the accused, or had offered to prove by any competent testimony that she was not his wife, we might have reviewed the ruling of the court refusing to receive such evidence. All the proof that the judge heard was the statement of the woman, in answer to his question, that she was the wife of the accused; and he therefore ordered her to stand aside. The testimony satisfied him that the objection of the district attorney was well taken, and he properly dismissed her as a witness.
If it had been true that she was not the wife of accused, and that her testimony would have been material, the affidavit of the accused, and of the woman herself, or of others having knowledge of the facts, might have been good ground' for a new trial; but no such showing was made, and no such facts were proven or passed upon by the court. The ruling of the court was that a woman, objected to as a witness on the ground that she was the wife of the accused, and who, after having been sworn, was interrogated by the judge, and answered that she was *211 his wife, was not a competent witness in his behalf. If there had been a conflict of testimony we should be concluded by the decision of the judge; but there was no conflict. The judge heard no testimony except that of the woman; and he says no other testimony was adduced. The fact having been thus established, there can be no question as to the correctness of the decision that she was not competent.
The judgment appealed from is therefore affirmed with costs.